IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| NOEL SUAREZ VALDES, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-306-KC |
| § | |
| KRISTI NOEM et al., § | |
| § | |
| Respondents. § | |

### ORDER

On this day, the Court considered Noel Suarez Valdes's Petition for a Writ of Habeas Corpus, ECF No. 1. Suarez Valdes is detained at the ERO El Paso Camp East Montana detention facility in El Paso, Texas. *Id.* ¶ 5. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 23–53.

Suarez Valdes is a citizen of Cuba who entered the United States in 2011.[1] Resp. 2, ECF No. 4. In 2015, he was arrested on criminal charges and placed in removal proceedings. Pet. ¶ 14–15. On November 6, 2019, an immigration judge ("IJ") ordered that Suarez Valdes be removed to Cuba. *Id.* ¶ 15. However, Suarez Valdes could not be removed, and he was released under an Order of Supervision ("OSUP") on November 20, 2019. *Id.* ¶ 16. On August 12, 2025, Immigration and Customs Enforcement ("ICE") re-detained Suarez Valdes. Resp. 2. Suarez Valdes alleges that, since then, ICE has been unable "to secure a travel document" and "has not provided an estimated date" by which Suarez Valdes will be removed. Pet. ¶ 19. And third country removal to Mexico is not possible because "Mexican authorities refused to accept him." *Id.* ¶ 21. Suarez Valdes has now been detained for over six months. *Id.* ¶ 19.

---

[1] Suarez Valdes alleges that he entered the country in January 2012. Pet. ¶ 12. Because the Court grants relief even when resolving the facts dispute over the date of entry in Respondents' favor, it is unnecessary to hold a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

On February 3, 2026, the Court found that "[i]f these allegations are true, Suarez Valdes likely meets his burden of proving 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" Feb. 3, 2026, Order 3, ECF No. 2 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)). Respondents had to "rebut this showing by either demonstrating that Suarez Valdes's removal is likely in the reasonably foreseeable future or deporting him." *Id.*

Respondents acknowledge that Suarez Valdes was ordered removed in 2019, that his removal to Cuba could not then be completed, and that now they seek to "effectuate his removal to a third country." Resp. Ex. A ("Garite Decl.") ¶¶ 10–12, ECF No. 4-1. Respondents state that they have made continuous efforts to remove Suarez Valdes to Mexico. *Id.* ¶¶ 13–15. But that Suarez Valdes has refused to go to Mexico each time. *Id.* Respondents state that Enforcement and Removal Operations ("ERO) has requested to transfer Suarez Valdes to the detention facility in Phoenix, Arizona "for removal to Mexico." *Id.* ¶ 20. Thus, besides Suarez Valdes' own refusal to go to Mexico, "ERO anticipates no impediments to removing [him] to Mexico in the reasonably foreseeable future." *Id.* ¶ 22.

In sum, Respondents have not shown any reasonable likelihood of removing Suarez Valdes to Cuba. Pet. ¶¶ 19, 21; *see generally* Garite Decl. Nor have they taken any steps to remove him to any country other than Mexico. *See generally* Resp. It remains unclear whether Respondents have an agreement with the Mexican government that would allow them to remove Suarez Valdes to that country without his consent. *See id.* ¶¶ 16–21. Nevertheless, because Respondents appear to be making efforts to remove Suarez Valdes to Mexico through Phoenix, Arizona, the Court affords Respondents a final opportunity to do so. If Respondents are unable to lawfully remove Suarez Valdes in two weeks, then they have failed to carry their burden of

proving that his removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART** on due process grounds. *See id.* The Court **ORDERS** that, **on or before February 27, 2026**, Respondents shall either (1) **REMOVE** Suarez Valdes from the United States through lawful means; or (2) **RELEASE** Suarez Valdes from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before March 3, 2026**, Respondents shall **FILE** notice informing the Court whether Suarez Valdes has been removed from the country. If Suarez Valdes has not been removed from the country, Respondents shall inform the Court whether Suarez Valdes has been released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the March 3, 2026, deadlines.**

**SO ORDERED**.

**SIGNED** this 14th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE